## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GURSIMRAN SINGH,                          :       No. 3:26cv1525
        Petitioner                   :
                                          :       (Judge Munley)
                                          :
    v.                                   :
                                          :
JOHN E. RIFE, Acting Field Office         :
Director of Enforcement and Removal:
Operations, Philadelphia Field Office, :
Immigration and Customs                   :
Enforcement; MARKWAYNE MULLIN, :
Secretary, U.S. Department of             :
Homeland Security; U.S.                   :
Department of Homeland                    :
Security; TODD BLANCHE, Acting            :
U.S. Attorney General; Executive          :
Office for Immigration Review; and        :
ANGELA HOOVER, Warden of Clinton:
County Correctional Facility,             :
        Respondents                  :

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus under 28 U.S.C. §

2241 filed by Petitioner Gursimran Singh.[1] (Doc. 1).  Singh is a native and citizen

---

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Singh filed the instant petition while detained at Clinton CCF which is located in the Middle District of Pennsylvania. He is still within this court's jurisdiction after his transfer to Pike CCF.  The petitioner asserts that his continued detention violates his right to due process.  He also asserts that the wrong provision of the Immigration and Nationality Act ("INA") is being used to justify his detention.  Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

of India who has been in the custody of Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") for approximately two months. For the reasons set forth below, the petition will be granted, and an order will be issued for Singh's release.

According to the evidence supplied by the respondents, Singh is 24 years old. (Doc. 5-4, Resp. Ex. 1, I-213 Form). Petitioner entered the United States of America from Mexico in December 2021. (Doc. 5-2, Res. Ex. 1, I-213 Form). He was apprehended near Yuma, Arizona by Border Patrol agents, processed, and released on an order of recognizance. Id. He was also issued a Notice to Appear, which charged him under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without admission or parole. Id. Petitioner alleges that he was compliant with all ICE reporting requirements after his release. (Doc. 1, Pet. ¶ 80).

Additionally, per the petitioner, he also filed an asylum application with United States Citizenship and Immigration Services in September 2022. Id. ¶ 28. That asylum claim remains pending. Id. As alleged, petitioner maintained gainful employment prior to his detention. Id. ¶ 85.

On May 27, 2026, Williamsport-based ICE officers were conducting a targeted enforcement action on a person named Jashandeep Singh. (Doc. 5-4, Resp. Ex. 3 at 2). According to DHS records, ICE officers surveilled an individual

2

matching Jashandeep Singh's description. Id. They observed this person enter the driver's seat of a motor vehicle registered to the targeted individual. Id. ICE officers then conducted a vehicle stop. Id. They did not encounter Jashandeep Singh. Id. Rather, they encountered the petitioner, Gursimran Singh, in the driver's seat. They detained the petitioner when he could not produce identification. Id. Upon questioning, the petitioner allegedly admitted to crossing the United States-Mexico border in violation of the immigration laws. Id. He also allegedly admitted not to having legal status in the United States. Id.

ICE initially detained the petitioner at the Clinton County Correctional Facility pending removal proceedings. He has since been transferred to the Pike County Correctional Facility. (Doc. 6, Traverse). According to the Executive Office of Immigration Review's website, Singh is scheduled for an internet-based hearing with an immigration judge on August 5, 2026. No removal order has been issued as part of his immigration proceedings.

With his petition for writ of habeas corpus, Singh argues that he is unlawfully detained as the result of the government's misapplication of 8 U.S.C. § 1225(b)(2)(A), a mandatory detention statute. Per the petitioner, his detention is governed by 8 U.S.C. § 1226(a), a discretionary detention statute. Petitioner further argues that, due to this misclassification, his due process rights are being

3

violated because he has not been provided with a bond hearing.  Petitioner thus requests his immediate release from detention.

On behalf of the respondents, the United States Attorney's Office for the Middle District of Pennsylvania asserts that 8 U.S.C. § 1225(b)(2)(A) applies to the petitioner and that his detention without the possibility of bond does not violate the INA or the Due Process Clause of the Fifth Amendment.  Two appellate decisions align with the respondents' reading of Section 1225, Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026) and Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026).  This manner of statutory construction authorizes indefinite confinement of individuals like the petitioner.

On the other hand, the Second, Sixth, Tenth, and Eleventh Circuit Court of Appeals, and at least 370 federal district court judges, including the undersigned, reject the government's reading of Section 1225.[2] See Barbosa da Cunha v. Freden, 175 F.4th 61, 78 (2d Cir. 2026); Lopez-Campos v. Raycraft, 175 F.4th 713, 731-32 (6th Cir. 2026); Santillan Quiroz v. Mullin, No. 26-6019, --- F.4th----,

---

[2] This total also includes all judges in the Middle District of Pennsylvania to consider the issue. See Quispe v. Rose, 819 F. Supp. 3d 362, 372 (M.D. Pa. 2025) (Mehalchick, J.); Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865 at *5 (December 8, 2025) (Mariani, J.); Nossov v. Hoover, No. 1:25-2562, 2026 WL 711691, at *3 (M.D. Pa. Mar. 13, 2026) (Mannion, J.); Diaz Aparicio v. Lowe, No. 3:25-CV-02413, 2026 WL 526702, at *8 (M.D. Pa. Feb. 25, 2026) (Saporito, J.); Romero v. Lowe, No. 4:26-CV-00009, 2026 WL 296215, at *5 (M.D. Pa. Feb. 4, 2026) (Brann, C.J.); Hernandez v. Kunes, No. 1:25-CV-01847, 2026 WL 411726, at *5 (M.D. Pa. Feb. 13, 2026) (Wilson, J.); Chaudhari v. Rose, No. 3:26-CV-242, 2026 WL 540378, at *6 (M.D. Pa. Feb. 26, 2026) (Neary, J.).

2026 WL 1876709, at *7 (10th Cir. June 30, 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1280-81 (11th Cir. 2026); see also Castanon-Nava v. U.S. Dep't of Homeland Sec., 175 F.4th 828, 856 (7th Cir. 2026) (Lee, J.) (portion of lead opinion not joined by concurring judge).[3] Respondents indicate their awareness of these prior outcomes. (Doc. 5, Resp. Br. at 2-4) (collecting cases). The court thus reads the response as not contesting the facts of Singh's petition and only preserving a narrow Section 1225(b)(2)(A) versus Section 1226(a) legal argument for appellate purposes.

With respect to this matter, the court sees no reason to deviate from Hernandez Alvarez, Barbosa da Cunha, Lopez-Campos, Santillan Quiroz or its prior decisions.[4] Section 1226(a), not Section 1225(b)(2)(A), applies to petitioner's detention.

---

[3] The Third Circuit Court of Appeals heard oral argument regarding this issue on May 11, 2026, based on the government's appeals in Morocho v. Jamison, No. 5:25-CV-05930-JMG, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025), app. filed sub nom. Morocho v. Warden Phila. FDC, No. 26-1150 (3d. Cir. Jan 22. 2026) and Andrade v. Rose, No. 26-603, 2026 WL 401189 (E.D. Pa. Feb. 12, 2026), app. filed sub nom., De Andrade v. Director Phila. Field Off. Immig., No. 26-1454 (3d Cir. Mar. 2, 2026).

[4] Singh is an "applicant for admission" under Section 1225(a), but he is not "seeking admission" because he is not requesting lawful entry into the United States after inspection and authorization. Barbosa da Cunha, 175 F.4th at 78. Moreover, the government's reading of Section 1225 "defies the statute's context, structure, history, and purpose; contradicts the Supreme Court's dicta in Jennings [v. Rodriguez, 583 U.S. 281 (2018)] and longstanding Executive Branch practice; and its interpretation of the statute raises serious constitutional questions that should be avoided even if the statutory language were ambiguous." Id.

Under Section 1226(a), a noncitizen in removal proceedings *may* be detained pending a decision on removal. 8 U.S.C. § 1226(a). However, pending a removal decision, the noncitizen also may be released on bond or conditional parole following an individualized hearing before an IJ. 8 U.S.C. § 1226(a)(1)–(2); 8 C.F.R. §§ 236.1(d), 1236.1(d).

As for the constitutional issues raised in Singh's petition, it is undisputed in this case that he entered the United States illegally without being initially admitted or paroled. People who enter this country without legal authorization are not stripped immediately of all their rights because of this single illegal act. See Lozano v. City of Hazleton, 496 F. Supp. 2d 477, 498 (M.D. Pa. 2007), aff'd in part, vacated in part, 620 F.3d 170 (3d Cir. 2010), cert. granted, judgment vacated sub nom. City of Hazleton, Pa. v. Lozano, 563 U.S. 1030 (2011), and aff'd in part, rev'd in part, 724 F.3d 297 (3d Cir. 2013). That is, the Due Process Clause applies to everyone, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001).

Singh has been in ICE custody since May 2026. "No person," including the petitioner, "shall…be deprived of life, liberty, or property, without due process of law[.]" U.S. CONST. AMEND. V. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary

6

governmental action." Foucha v. Louisiana, 504 U.S. 71, 80 (1992) (citation omitted); see also Zadvydas, 533 U.S. at 721 (Kennedy, J., dissenting) ("both removable and inadmissible aliens are entitled to be free from detention that is arbitrary or capricious.").

Under the facts presented, a consideration of the procedural due process factors in Mathews v. Eldridge, 424 U.S. 319 (1976) supports the conclusion that Singh's continued imprisonment at Pike County Correctional Facility pursuant to a mandatory detention statute violates his constitutional rights.[5]

Habeas courts "have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy

---

[5] Those factors are 1) the private interest that will be affected by the official action; 2) the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional procedural safeguards; and 3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail. Mathews, 424 U.S. at 335. First, petitioner's private interest is the interest in not being physically detained by the government, which "is the most elemental of liberty interests[.]" Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004). "The restriction of liberty is particularly acute here where, absent a bond hearing, he would be detained for months or even years while his case proceeds." Cunin v. McShane, No. 3:25-CV-1887, 2025 WL 3542999, at *2 (M.D. Pa. Dec. 10, 2025) (Neary, J.) (citation omitted). Second, he has been detained without any apparent procedural safeguards, including the ability to obtain a bond hearing. See id. ("There is a certainty—not merely a risk—that the failure to grant [petitioner] a bond hearing would unlawfully deprive him of the opportunity to make the case for his release and incarcerate him indefinitely."); see also Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865, at *6 (M.D. Pa. Dec. 8, 2025) (citing Bethancourt Soto v. Soto, No. 25-CV-16200, 807 F. Supp. 3d 397, 409 (D.N.J. 2025)); Quispe, 819 F. Supp. 3d at 372. As to the third consideration, the government has an interest in detaining noncitizens to ensure their appearance at future immigration proceedings and to prevent danger to the community. The government believes that it may vindicate those interests through detention without any individualized determination that this petitioner poses a flight risk or danger. But this goes too far for the reasons discussed in the body of this memorandum.

and is not the appropriate one in every case in which the writ is granted."

Boumediene v. Bush, 553 U.S. 723, 779 (2008).  In this case, the petition for writ

of habeas corpus will be granted and Singh will be released. [6]

In response to the petition, the government has not provided any

information indicating that Singh is a danger to the community or a flight risk.

According to the evidence supplied by the parties, the petitioner has no criminal

record.  With respect to risk of flight, Singh was released by DHS on an order of

recognizance in December 2021.  The allegations that he complied with all ICE

check-ins go unrebutted.  There was no specific ICE mission to arrest the

petitioner.  Rather, the petitioner was detained after ICE officers conducted an

operation looking for an individual with the same last name.[7]  By ICE's account,

Singh did not resist; he answered officer questions and admitted to his

immigration status.  Respondents have also not challenged Singh's allegations

---

[6] Singh's request for attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412 is not yet ripe for disposition.  A habeas proceeding challenging immigration detention under 28 U.S.C. § 2241 is a "civil action" for purposes of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), and the EAJA "unambiguously applies to habeas challenges to immigration detention under 28 U.S.C. § 2241." Michelin v. Warden Moshannon Valley Corr. Ctr., 169 F.4th 418, 432 (3d Cir. 2026).  Petitioner will thus be permitted to file a motion for costs and fees pursuant to the EAJA within 30 days of the entry of judgment. 28 U.S.C. § 2412(d)(1)(B); Villa Hernandez v. Kunes, No. 1:25-CV-01847, 2026 WL 411726, at *7 (M.D. Pa. Feb. 13, 2026) (Wilson, J.).

[7] The relationship between Jashandeep Singh, the target of the ICE operations, and Petitioner Gursimran Singh has not been established in the case record or in the record associated with Jashandeep Singh's petition for writ of habeas corpus at docket number 3:26cv1607.

that he is gainfully employed and has a pending asylum claim. (Doc. 1, Pet. ¶ 85). Based on the above evidence, only immediate release will remedy the due process violation in this case.[8]

The court will impose other conditions on the petitioner's release. That is, the government will be temporarily enjoined from re-arresting Singh for a period of seven days to ensure the effectiveness of the habeas remedy. Id. The government may also not impose additional conditions on Singh's release, including any form of body-worn electronic monitoring, unless those conditions were in place prior to Singh's detention.

Consequently, it is hereby **ORDERED** that:

1) Gursimran Singh's petition for writ of habeas corpus, (Doc. 1), is **GRANTED**;

---

[8] Respondents contend that the only proper respondent is Angela Hoover, the Warden of Clinton County Correctional Facility. (Doc. 5, Resp. Br. at 1 n. 7). Here, consistent with Padilla, Singh named the warden of that facility as a respondent. 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent."). The court will substitute Angela Hoover as the actual original immediate custodian due to the petitioner's misnomer. The failure of petitioner to amend his petition to name Craig A. Lowe, Warden of the Pike County Correctional Facility—his current custodian— does not divest the court of jurisdiction. Khalil v. President, United States, 164 F.4th 259, 271 (3d Cir. 2026). Furthermore, the court need not determine whether the remaining respondents should be dismissed. To the extent that Angela Hoover is the only proper respondent in this matter, the wardens of the two county facilities housing immigration detainees are acting as agents of DHS/ICE and the government will be bound by the order. See Vadel v. Lowe, No. 3:25-CV-02452, 2025 WL 3772059, at *1, n.1 (M.D. Pa. Dec. 31, 2025).

2) Singh's detention is not governed by 8 U.S.C. § 1225(b)(2)(A) and violates his right to due process of law;

3) The government shall **immediately** release Singh from its custody;

4) On or before **July 31, 2026 at 12:00 noon**, the government shall file a declaration or affidavit pursuant to 28 U.S.C. § 1746 confirming that Singh has been released;

5) The government shall release Singh under the same conditions that existed prior to his detention, including release: (1) in an area where the petitioner resides or where he has access to means of interstate transportation; (2) without the imposition of additional conditions; (3) with all clothing and outerwear worn at the time of the detention or other appropriate attire; and (4) with all personal property, including, but not limited to, any driver's license, passport, immigration documents, currency, or cell phone that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondents or by any contracted or affiliated facility;

6) The government is temporarily enjoined from re-arresting Singh for a period of 7 days to ensure that this habeas remedy is effective;

7) The Clerk of Court is directed to **CLOSE** this case.

10

Date: 7/28/26

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court